**FILED**

THE UNITED STATES DISTRICT COURT 2009 DEC 28 PM 1: 51
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JAMIE WELLS,

      Plaintiff,

v.

BUREAU OF COLLECTION RECOVERY,

      Defendant.

_____/

CASE NO. 6:09-CV-2171 ORL-
35GJK

## COMPLAINT

COMES NOW the Plaintiff, JAMIE WELLS ("Plaintiff"), by and through his attorneys,

KROHN & MOSS, LTD., and for Plaintiff's Complaint against, BUREAU OF COLLECTION

RECOVERY ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1.      Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices

Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that

such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy."

3.      Because Defendant conducts business in the state of Florida, personal jurisdiction

is established.

4.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5.      Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6.     Plaintiff is a natural person who resides in the City of Saint Cloud, County of Osceola, State of Florida.

7.     Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8.     Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.     Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Eden Prairie, County of Hennepin, State of Minnesota.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt owed by "Ida" (see Plaintiff's call-log attached as Exhibit A).

12.     Plaintiff does not know any individual by the name of "Ida."

13.     Defendant places collection calls to Plaintiff at 407-891-1058.

14.     Defendant places collection calls to Plaintiff from the following numbers: 202-607-2744, 407-329-3642, and 800-831-7311.

15.     Plaintiff repeatedly informs Defendant that it is contacting the wrong person in an attempt to collect a debt that is owed by "Ida."

16.     Despite being repeatedly informed that Defendant has the wrong telephone number for "Ida," Defendant continues to call Plaintiff.

17.     On October 10, 2009, Plaintiff sent Defendant a cease and desist letter, certified

mail, return receipt, instructing Defendant to discontinue all calls to his cellular telephone and his home telephone number (see cease and desist letter sent by Plaintiff on October 10, 2009, attached as Exhibit B).

18.     Plaintiff received Defendant's return receipt which indicated that Defendant signed for Plaintiff's letter on October 17, 2009 (see return receipt attached as Exhibit C).

19.     Despite being notified in writing of Plaintiff's request that Defendant cease all calls to his home telephone number at 407-891-1058, Defendant continues to call (see photos of Plaintiff's caller ID, attached as Exhibit D).

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT,**
**(FDCPA), 15 U.S.C. § 1692 et seq.**

20.     Defendant violated the FDCPA.   Defendant's violations include, but are not limited to, the following:

a.   Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff at a time and place known to be inconvenient to Plaintiff because Defendant is calling someone other than the person responsible for the debt.

b.   Defendant violated *§1692c(c)* of the FDCPA by communicating with Plaintiff by telephone after being notified in writing that Plaintiff wished Defendant cease further communication with him.

c.   Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass the Plaintiff because Defendant continued to contact Plaintiff after being notified in writing that Plaintiff wished Defendant to cease all communications via telephone.

d.   Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass the Plaintiff because Defendant insisted that it is

placing telephone calls to the correct person.

e. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff because Defendant contacts Plaintiff after being informed in writing that Plaintiff requested Defendant cease contacting her by telephone.

f. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in an attempt to collect a debt because Defendant continued to collect a debt from Plaintiff after being informed that he is not "Ida."

g. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in an attempt to collect a debt because Defendant continued place collection calls to Plaintiff after being notified in writing Plaintiff requested Defendant cease contacting him by telephone.

h. Defendant violated *§1692f* of the FDCPA by using unfair and unconscionable means in an attempt to collect a debt because Defendant continues to place collection calls to him.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

21. Declaratory judgment that Defendant's conduct violated the Federal Act, FDCPA.

22. Actual damages.

23. Statutory damages of $1,000.00 pursuant to the Federal Act, 15 U.S.C. 1692k.

24. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

25. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,


By:    /s/Matthew Kiverts
      Matthew Kiverts
      Krohn & Moss, Ltd
      120 W Madison St, 10th Floor
      Chicago, IL 60602
      Phone: (312) 578-9428 ext. 203
      Fax:   (866) 431-5576
      Attorney for Plaintiff
      FBN: 0013143


**<u>DEMAND FOR JURY TRIAL</u>**


      PLEASE TAKE NOTICE that Plaintiff, JAMIE WELLS, hereby demands trial by jury

in this action.


VERIFIED COMPLAINT                                                    5

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)

    Plaintiff, JAMIE WELLS, says as follows:

1.    I am the Plaintiff in this civil proceeding.

2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.    I have filed this Complaint in good faith and solely for the purposes set forth in it.

6.    Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7.    Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, JAMIE WELLS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _12/16/09_

JAMIE WELLS,
Plaintiff

VERIFIED COMPLAINT

6